UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT POOLER (#234804)                                                CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.                                          16-131-SDD-EWD

## RULING

On March 22, 2016, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the assigned Magistrate Judge determined that Plaintiff was not entitled to proceed *in forma pauperis* in this case and ordered him to pay, within 21 days, the full amount of the Court's filing fee.[1] The Court's *Order*[2] advised Plaintiff that a failure to comply would result in the dismissal of Plaintiff's *Complaint*[3] without further notice from the Court. Whereas Plaintiff challenged that determination by filing both an *Objection*[4] to the Magistrate Judge's *Order* in accordance with Fed. R. Civ. P. 72(a) and a *Motion for Relief from a Judgment or Order*[5] in accordance with Fed. R. Civ. P. 60, the undersigned affirmed the Magistrate Judge's determination pursuant to *Order* dated June 17, 2016[6], and denied Plaintiff's *Motion for Relief from a Judgment or Order* pursuant to *Order* dated June 20, 2016[7]. The Court's *Order* affirming the Magistrate Judge's determination again gave Plaintiff 21 days within which to pay the full amount of the Court's filing fee and again

---

1 Rec. Doc. 4.
2 *Id.*
3 Rec. Doc. 1.
4 Rec. Doc. 5.
5 Rec. Doc. 6.
6 Rec. Doc. 9.
7 Rec. Doc. 10.

advised Plaintiff that a failure to do so would result in the dismissal of this proceeding without further notice.[8]

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and *pauper* status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.[9] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), the Court has directed Plaintiff to pay the full amount of the Court's filing fee within 21 days. A review of the record by the Court reflects that Plaintiff has failed to pay the filing fee as ordered. Accordingly,

---

8 *See* Rec. Doc. 9.
8. Cases or appeals filed by the plaintiff that have been dismissed by the federal courts as frivolous, malicious or for failure to state a claim include, but are not limited to, *Robert Lee Pooler v. Edward J. Larrission, et al.*, Civil Action No. 94-1563 (E.D. LA), *Robert Pooler v. Kathleen Blanco, et al.*, Civil Action No. 07-0175-JVP-DLD (M.D. LA), and *Robert Pooler v. James M. LeBlanc, et al.*, Civil Action No. 09-0293-RET-CN (M.D. LA).

**IT IS HEREBY ORDERED** that the above-captioned proceeding be dismissed without prejudice for failure of Plaintiff to pay the Court's filing fee.

*Judgment* shall be entered accordingly.

Baton Rouge, Louisiana the 26 day of July, 2016.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA